IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JIMMY BERNARD BARKLEY,

    Petitioner,

vs.                                                           CIVIL ACTION NO.: CV213-147

SUZANNE R. HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jimmy Bernard Barkley ("Barkley"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss Barkley's petition. Barkley filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Barkley's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Barkley was convicted of: conspiracy to possess with the intent to distribute a Schedule II controlled substance, a mixture and substance containing a detectable amount of cocaine (cocaine base), in violation of 21 U.S.C. § 846; possession with the intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (5:91-cr-00010-CAR-CHW, M.D. Ga.; Doc. 1-1, pp. 29-31). Barkley was sentenced to life imprisonment without parole on count one, life imprisonment without parole on count two to run concurrently with count one, and 60

AO 72A
(Rev. 8/82)

months' imprisonment on Count three. (5:91-cr-00010-CAR-CHW; Doc. 1-1, p. 62). Barkley filed three motions pursuant to 28 U.S.C. § 2255 and one pursuant to Federal Rule of Civil Procedure 60(b) in the United States District Court for the Middle District of Georgia. (5:91-cr-00010-CAR-CHW, Doc. 365, p. 1). Barkley's first § 2255 motion was denied, and the United States Court of Appeals for the Eleventh Circuit denied his request for a Certificate of Appealability. (5:91-cr-00010-CAR-CHW, Doc. 369, p. 1). Barkley then filed a motion that was denied as an unauthorized successive § 2255 motion, and the Eleventh Circuit denied his request for a Certificate of Appealability. (5:91-cr-00010-CAR-CHW, Doc. 369, p. 1). Barkley's next § 2255 motion was also denied as successive. (5:91-cr-00010-CAR-CHW, Doc. 374, p. 4).

In the instant petition, Barkley seeks to invoke the savings clause in order to challenge the validity of his sentence as it was imposed. (Doc. 9, p. 3). Barkley argues that his sentence was improperly imposed under a mandatory minimum statute, that his sentence is beyond the statutory maximum, and that the maximum time period has been completely served. (Doc. 1, p. 2). Barkley asserts that he serves an unlawful sentence in light of the United States Supreme Court's decision in Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013). Barkley requests that this Court hold that Alleyne established a retroactive new substantive rule. (Doc. 1-1, p. 13). Barkley asserts that his indictment did not list any drug quantity amount and that the jury's verdict does not support a conviction with a prescribed sentencing range of life imprisonment. (Doc. 1, pp. 7-8). Barkley claims that the jury verdict could only support a violation with no mandatory minimum sentence. (Doc. 1-1, p. 18).

AO 72A
(Rev. 8/82)

Barkley claims he was charged with a crime that the jury did not return a guilty verdict for, which violates his constitutional rights. (Doc. 1, p. 8). He asserts that the drug quantity increases the penalty to which he is subjected and is an element of the crime to be found by the jury beyond a reasonable doubt. Id. at 7-8. Barkley argues that the sentencing court imposed a term of life imprisonment based upon no standard of proof, and that the jury did not find facts that permitted the court to impose a sentence of more than twenty years. Id. Therefore, he asserts that his sentence was unlawfully imposed because it exceeds the statutory range of his indictment and jury verdict. (Doc. 1-1, p. 19). Barkley requests the Court to vacate his terms of imprisonment on counts one and two and that he be allowed a new sentencing hearing or hold that he has served his maximum sentence and order his release. (Doc. 1, p. 9; Doc. 9, p. 20).

In Barkley's amendment to his petition, he argues that the district court, in determining his first § 2255 motion, refused to address a part of his claim, which he refers to as claim number four's third subclaim. (Doc. 9, p. 5). Barkley requests that this claim be adjudicated on the merits. Id. at 7. This claim is that:

> Barkley was denied effective assistance of counsel in the direct appeal process of his case . . . At sentencing, on 4-16-92, the Court did not make either a finding as to the allegations and objections of counsel and Barkley, nor did the Court make any determination that no such finding was necessary because the matter controverted would not be taken into account in sentencing. Counsel could have but did not argue on direct appeal that the foregoing constituted a violation of Federal Rule of Criminal Procedure 32(c)(3)(D).

Id. at 38. Barkley asserts that his counsel protested sentencing findings and listed objections in the Addendum to the Presentence Report ("PSR"). (Doc. 9, p. 38). Barkley further argues that this Addendum framed the issues to be litigated at the

sentencing hearing. Id. Barkley claims that the sentencing court should have either made a factual finding as to allegations to which he objected or determined that such finding was not necessary because it would not be considered in sentencing. Id. at 11. He claims that reasonably competent counsel would have objected to the sentencing court's imposing a term of life imprisonment in a drug related case absent a finding of drug quantity, especially since counsel initially objected to the PSR's statements concerning drug quantity. Id. at 15. Also, Barkley claims he suffers prejudice from counsel's deficient performance in failing to raise the sentencing court's violation of Rule 32. Id. at 18.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). "Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion," as Barkley has in this case. Marshall v. United States, 514 F. App'x 936, 937 (11th Cir. 2013). "Notwithstanding the bar on second or successive § 2255 motions, § 2255's savings clause permits a court to entertain a § 2241 habeas petition challenging the legality of a prisoner's detention when the prisoner's 'remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.'" Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1334 (11th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 2255(e)).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable, first:

4

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. at 1343 (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explaining that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (citation omitted) (internal quotation marks omitted). However, the holding in Wofford established "two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id.

In the present case, Barkley fails to fulfill the first condition for making a claim based upon a retroactively applicable Supreme Court decision. Although Barkley relies upon Alleyne, a recent Supreme Court decision, it is not retroactively applicable on

AO 72A
(Rev. 8/82)

collateral review. In the absence of an Eleventh Circuit decision addressing the issue, this Court finds persuasive the analogous decision in Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). The court in Simpson held that "[u]nless the Justices themselves decide that Alleyne applies retroactively on collateral review, we cannot authorize a successive collateral attack." Id. at 876; see also, In re Payne, No. 13-5103, 2013 WL 5200425, at *1 (10th Cir. 2013) (holding that while Alleyne did establish a new rule of constitutional law, this new rule "has not been made retroactive to cases on collateral review by the Supreme Court."). The Supreme Court has recognized that for other provisions of § 2255, the power to "announce[ ] a new rule of constitutional law and make[ ] it retroactive" is within the Supreme Court's authority. Dodd v. United States, 545 U.S. 353, 359 (2005). Thus, a new rule is "made" retroactively applicable if the Supreme Court "has held that the new rule is retroactively applicable to cases on collateral review." Tyler v. Cain, 533 U.S. 656, 662 (2001). The Supreme Court has not held or declared that the new rule in Alleyne is retroactively applicable on collateral review. Simpson, 721 F.3d at 876.

The decision in Alleyne, is "an extension" of that in Apprendi v. New Jersey, 530 U.S. 466 (2000). Id. Given that Apprendi is not retroactively applicable on collateral review, it is unlikely the Supreme Court will give the ruling in Alleyne retroactive effect. See McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). In Ring v. Arizona, 536 U.S. 584 (2002), the Supreme Court applied the "principle [in Apprendi] to a death sentence imposed under the Arizona sentencing scheme." Schriro v. Summerlin, 542 U.S. 348, 350-51 (2004). The Court held that the new procedural rule announced in Ring does not apply retroactively. Id. at 358. As Alleyne is also based on the decision

in Apprendi, and because the Supreme Court has declined to make such derivative rules retroactively apply, it is unlikely the Court will do so with the rule announced in Alleyne.

In the instant action, Barkley's claim is not based upon a retroactively applicable Supreme Court decision. Therefore, his petition does not fulfill the first condition to make the savings clause applicable to his petition. Barkley has failed to demonstrate that his original § 2255 motion was an inadequate or ineffective test of his claims. This Court must dismiss Barkley's petition. "A petitioner may not argue the merits of his claim until he has open[ed] the portal to a § 2241 proceeding by demonstrating that the savings clause applies to his claim." Davis v. Pugh, 222 F. App'x 925, 927 (11th Cir. 2007) (alteration in original) (citation omitted) (internal quotations omitted).

In addition, the Court notes that even if the savings clause did apply, this Court is unable to rule on Barkley's claim alleging that the district court refused to address all of the claims in his initial § 2255 motion. The crux of Barkley's argument, that the sentencing court violated Federal Rule of Criminal Procedure 32 in failing to making a finding upon Barkley's objection to the PSR's statements or conclude that such finding is unnecessary because such would not be considered in sentencing, is based upon his allegation that he objected to the drug quantity statement in the PSR and that the sentencing court should have found the quantity at the sentencing hearing. Barkley argues that he was therefore prejudiced and denied effective assistance of counsel because counsel failed to raise this issue on direct appeal. In the instant petition, Barkley asserts that the district court refused to address this claim in his initial § 2255 motion.

A district court is required to resolve all claims for relief raised in a § 2255 motion. Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2010). "A claim for relief for [these purposes] is any allegation of a constitutional violation." Id. (citation omitted). Barkley's claim that he had ineffective assistance of counsel based upon his counsel's failure to raise as an issue on appeal the amount of cocaine attributed to him was addressed by the district court. Barkley argues that the court failed to address his claim for ineffective assistance of counsel based upon his counsel's failure to raise, on appeal, the sentencing court's violation of Rule 32—the failure to address or determine as unnecessary to address the objections concerning drug quantity. This Court cannot determine whether these arguments constitute one claim or are distinct, separate claims.[1] Therefore this Court cannot rule on whether the district court addressed all the claims in Barkley's § 2255 motion. The proper avenue to address a claim for a district court's failure to address all claims within a § 2255 motion is by appeal of the denial of that motion. This avenue has been closed to Barkley, as the Eleventh Circuit denied his Certificate of Appealability.

This Court cannot reach the merits of Barkley's § 2241 petition because the savings clause has not been satisfied. Nor can this Court address Barkley's claim that the district court failed to address all of the claims in his initial § 2255 motion.

---

[1] The Eleventh Circuit in Rhodes determined that a claim that counsel was ineffective for failing to adequately investigate and prepare a defense was distinct from a claim that counsel was ineffective for failing to file a motion to withdraw a guilty plea. Rhodes, 583 F.3d at 1292.

8

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Barkley's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of January, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)