IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JIMMY BERNARD BARKLEY,

    Petitioner,

vs.                                             CIVIL ACTION NO.: CV213-147

SUZANNE R. HASTINGS, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner Jimmy Bernard Barkley ("Barkley") filed Objections. In his Objections, Barkley asserts that the Court should examine his excessive statutory maximum claim under Bryant v. Warden, FCC Coleman–Medium, __ F.3d __, No. 12-11212, 2013 WL 6768086, at *19 (11th Cir. Dec. 24, 2013). Barkley contends that the Magistrate Judge applied an incorrect standard of analysis in determining that the decision in Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (June 17, 2013) is not retroactively applicable and failed to address his argument that the ruling is retroactive under Teague v. Lane, 489 U.S. 288 (1989). Barkley asserts that the Magistrate Judge improperly declined to rule on the merits of his petition, specifically his claim that the district court failed to address all his claims in his first § 2255 motion.

AO 72A
(Rev. 8/82)

In Bryant, the United States Court of Appeals for the Eleventh Circuit stated that in order for Bryant to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," Bryant must establish that

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent . . . had squarely foreclosed Bryant's [ ] claim . . . (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay, [553 U.S. 137 (2008)] as extended by this Court to Bryant's distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed Bryant's [ ] claim; (3) the new rule announced in Begay applies retroactively on collateral review[.]

Id. at 1274. Thus, under Bryant, Barkley must establish that the rule announced in the case upon which he relies, Alleyne, retroactively applies on collateral review. Following its decision in Bryant, the Eleventh Circuit has stated that it does not. In Chester v. Warden, __ F. App'x __, No. 12-15119, 2014 WL 104150 (11th Cir. Jan. 13, 2014), the petitioner's "only available avenue for collateral relief in a § 2241 petition [was] through § 2255(e)'s savings clause." Chester, 2014 WL 104150, at *3 (citation omitted). The Eleventh Circuit stated, "because it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review." Id. at *4 (citation omitted); see also United States v. Harris, __ F.3d __, No. 12-14482, 2014 WL 292381, at *3 n.3 (11th Cir. Jan. 28, 2014) (citation omitted) ("the Supreme Court itself has not expressly declared Alleyne to be retroactive on collateral review . . . [a]nd Alleyne has not been made retroactive through any combination of cases that necessarily dictate retroactivity."). Similarly, the Magistrate Judge correctly determined that the "decision in Alleyne, is 'an extension' of that in Apprendi . . . [g]iven that Apprendi is not retroactively applicable on collateral review, it is unlikely the Supreme Court will give the ruling in Alleyne retroactive effect." (Doc. 14, p. 6).

2

Because Barkley relies upon Alleyne, his claim is not based upon a retroactively applicable Supreme Court decision. Barkley's petition fails to fulfill the first condition to invoke the savings clause. Therefore, the Court cannot rule on the merits of Barkley's petition, including his claim that the district court failed to address all of his claims in his initial § 2255 motion.

Barkley's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Barkley's 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 21 day of February, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)